IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELINE EISAN,<br><br>       Plaintiff,<br><br>   v.<br><br>WELLS FARGO BANK,<br><br>       Defendant.<br>_____/ | No. C -12-01331(EDL)<br><br>**ORDER DENYING MOTION TO DISMISS AND RELIEVING PLAINTIFF'S FORMER ATTORNEY OF SERVICE OBLIGATION** |

   Pending before the Court is Defendant's Motion to Dismiss the Second Amended Complaint for failure to prosecute. (Dkt. 70.) Defendant filed this motion after Plaintiff failed to appear at a May 28, 2013, Case Management Conference. According to Defendant, dismissal is appropriate because Plaintiff has not shown any progress toward obtaining counsel and advancing this case. Plaintiff counters that she intends to prosecute this case, she has not caused any delay, and Defendant has not shown any prejudice. Plaintiff asserts that she failed to appear at the May 28, 2013, Case Management Conference because she did not receive notice of the hearing from Defendant or her former counsel, Peter Mankin (the Court previously ordered Mr. Mankin to accept service on Plaintiff's behalf until she obtained new counsel). The Court held a hearing on this matter on August 6, 2013. Plaintiff did not appear at this hearing because she was hospitalized.

   The Court denies Defendant's motion to dismiss. In determining whether to dismiss a case for lack of prosecution, the court must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Here, the factors weigh against dismissal because Defendant has not shown that it was prejudiced by Plaintiff's conduct. In

the absence of any prejudice, the Court does not find that Plaintiff caused unreasonable delay. <u>Ash v. Cvetkov</u>, 739 F.2d 493, 496 (9th Cir. 1984) (noting that whether actual prejudice exists may be an important factor in deciding whether a given delay is unreasonable).

This is not to say, however, that Plaintiff's conduct was justified simply because she was unrepresented and searching for counsel. Lack of counsel is not an excuse for failing to comply with the Court's orders, rules, and procedures. Plaintiff is subject to the same duties as other litigants, including keeping the Court apprised of any changes in her contact information. Any further inexcusable delay or noncompliance with Court orders by Plaintiff will result in dismissal.

Finally, Plaintiff may no longer rely on her former attorney to accept service on her behalf. In January 2013, the Court ordered Mr. Mankin to accept service on behalf of Plaintiff until she obtained new counsel. (Dkt. 52; Dkt. 57.) Plaintiff has had ample time to find new counsel and intends, for the time being, to proceed pro se. Consequently, the Court relieves Mr. Mankin of his obligation to accept service on Plaintiff's behalf.

**IT IS SO ORDERED.**

Dated: August 9, 2013

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

2